IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MALIBU MEDIA, LLC,**

    **Plaintiff,**

  vs.                                          Case No. 2:15-cv-2519
                                                  Judge Frost
                                                  Magistrate Judge King

**JOHN DOE, subscriber assigned
IP address 76.181.56.223,**

    **Defendant.**

**OPINION AND ORDER**

**I.    Background**

This is a copyright action in which plaintiff alleges that by using the BitTorrent file distribution network, defendant "downloaded, copied, and distributed" 127 of plaintiff's copyrighted motion pictures. *Complaint*, ECF 1, ¶¶ 1-3, 11-26; *Exhibit B*, attached to *Complaint*. Defendant is currently identified only by an IP address. *Complaint*, ¶¶ 9-10; *Exhibit A*, attached to *Complaint*. On the same day that the *Complaint* was filed, plaintiff also filed an *ex parte* motion seeking to conduct limited, expedited discovery of a non-party internet service provider in order to determine defendant's identity. ECF 2. This Court granted plaintiff's *ex parte* motion, concluding that plaintiff had established good cause because it could not meet its service obligation under Fed. R. Civ. P. 4 without the requested discovery. *Order*, ECF 5, pp. 1-2.

This matter is now before the Court on defendant John Doe's

*Unopposed Motion to Proceed Anonymously*, ECF 6 ("*Defendant's Motion*"). Defendant "moves the Court for an order allowing Mr. Doe to proceed anonymously and to preclude Plaintiff Malibu Media, LLC from naming Mr. Doe in this lawsuit until the Court has ruled on all dispositive motions." *Defendant's Motion*, p. 1. Defendant argues that he should be permitted to proceed anonymously because while defendant's Internet Service Provider ("ISP") "may reveal that Mr. Doe was the subscriber of the IP address 76.181.56.223 on May 23, 2015, only discovery will prove that Mr. Doe is not the actual copyright infringer." *Id*. at 2. Defendant notes that plaintiff's alleged copyrighted works are pornographic, and defendant argues that he "cannot afford to have his name associated with such scandalous allegations[,]" particularly where he "is not the infringer and prematurely naming him in this lawsuit will cause great embarrassment and irreparable harm to his career and reputation." *Id*. Defendant represents that plaintiff does not object to the request to proceed anonymously. *Defendant's Motion*, pp. 3, 5, 10.

"The privilege of proceeding anonymously is not granted automatically even if, as here, none of the Parties involved object[s]." *Malibu Media, LLC v. Doe*, No. 3:14-CV-378, 2015 WL 1120063, at *2 (S.D. Ohio Mar. 12, 2015) (citing *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir. 1997)). This Court has the discretion to allow a party to proceed anonymously under a pseudonym. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). However, "[p]roceeding anonymously is disfavored, and the Court has an independent duty to determine whether to permit a party to proceed

2

anonymously." *Malibu Media, LLC v. Doe*, 2015 WL 1120063, at *2. In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure. *In re Polemar Constr. Ltd. P'ship*, No. 00-2466, 23 F. App'x 423, at *425 (6th Cir. Nov. 6, 2001). "There is a strong public policy in favor of public access to judicial proceedings . . . ." *Id*. Consistent with that policy, parties "are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to [the general rule]." *Citizens for a Strong Ohio v. Marsh*, No. 04-3112, 123 F. App'x 630, at *636 (6th Cir. Jan. 3, 2005) (citing *Porter*, 370 F.3d at 560). In determining whether such an exception applies, courts may consider the following factors:

> (1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information of the utmost intimacy; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a child].

*Id*. (quoting *Porter*, 370 F.3d at 560). "It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Id.* (citing *Porter*, 370 F.3d at 561).

In the case presently before the Court, defendant argues that although the ISP has the ability to reveal the identity of the subscriber of the above-identified IP address, that revelation does not establish the identity of the alleged infringer. *Defendant's Motion*, pp. 5, 7-8. Defendant also argues that denial of his motion

3

means that he "will be prematurely named in the lawsuit and his identity will be forever associated with a lawsuit accusing him of illegally downloading and distributing thirty-two (32) pornographic movies. Unfairly, Mr. Doe would suffer public embarrassment and irreparable harm to his future career and reputation." *Id*. at 8.

Defendant's arguments are not well taken. Although there is a potential for embarrassment for an individual who becomes associated with an IP address used to violate copyrights of pornographic material, "this potential for embarrassment does not outweigh the statutory right of the copyright holder to protect his or her property interest in the copyright," and defendant does not argue that there is a risk of extraordinary retaliation. *See Malibu Media*, 2015 WL 1120063 at *2 (citations omitted). Moreover, defendant's argument that he was not the person who infringed plaintiff's copyrighted works is more appropriately addressed in the context of a motion to dismiss or a motion for summary judgment, rather than on a motion to proceed anonymously.

Defendant also seeks a protective order to protect his identity until the Court has ruled on any dispositive motions. Federal Rule of Civil Procedure 26(c)(1) authorizes a court to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court previously concluded that plaintiff's request for expedited discovery was supported by good cause and the Court therefore permitted plaintiff to serve discovery on defendant's internet service provider to obtain the identity of the Doe defendant. *Order*, ECF 5

4

(citing *Arista Records, LLC v. Does 1-15*, No. 2:07-cv-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007)).  Defendant acknowledges that his ISP may reveal that he was the subscriber of the above-identified IP address on May 23, 2015.  *Defendant's Motion*, p. 2.  However, as noted *supra*, defendant denies the allegations in the *Complaint* and argues that the risk of being falsely identified as the copyright infringer, combined with the risk of embarrassment and reputational harm, justifies a protective order in this case.

Courts in this Circuit have recognized that "'the risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants'" in cases involving the discovery of IP address owners.  *Malibu Media*, 2015 WL 1120063 at *3 (quoting *Patrick Collins, Inc. v. John Does 1-28,* No. 12-13670, 2013 WL 359759 at *11 (E.D. Mich. Jan. 29, 2013)).  Although there has been no suggestion in this case that plaintiff has done anything improper or engaged in coercive tactics, the risk of coercing an unjust settlement nevertheless exists.  *See id*.  The Court also notes that protective orders very similar to that proposed by defendant have been entered in numerous cases in this district in order to protect the identity of John Doe defendants through at least the preliminary pretrial conference where, as here, the plaintiff alleges copyright infringement of pornographic materials by use of a BitTorrent network. *See Malibu Media, LLC v. John Doe*, No. 2:14-CV-804 (S.D. Ohio); *Malibu Media, LLC v. John Doe*, No. 2:14-CV-456 (S.D. Ohio); *Malibu Media, LLC v. John Doe*, No. 2:14-CV-420 (S.D. Ohio).

Here, plaintiff has not opposed defendant's motion for a

5

protective order, plaintiff will be notified of defendant's identity and address and therefore will not be prejudiced if defendant proceeds anonymously at this stage of the litigation.  Although the Court is not entirely persuaded by defendant's arguments, the Court is satisfied that the risk of a false positive, a coerced settlement, and embarrassment justify a protective order at this stage of the litigation.

Accordingly, defendant's *Unopposed Motion to Proceed Anonymously*, ECF 6, is **GRANTED in part** and **DENIED in part**.  Defendant may proceed anonymously until at least the preliminary pretrial conference, which will be scheduled forthwith.


August 26, 2015                              *s/Norah McCann King*
                                              Norah McCann King
                                         United States Magistrate Judge